UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL A. BUTLER,

        Petitioner,

    v.                                            Case No. 09-C-997

LISA AVILA,

        Respondent.

**ORDER ON RULE 4 REVIEW**

On October 21, 2009, the petitioner, Paul A. Butler ("Butler"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and attachments thereto, on June 5, 2007, Butler was convicted in Milwaukee County Circuit Court of unlawfully possessing a firearm as a felon, in violation of Wis. Stat. § 941.29(2)(a), and was sentenced to four years imprisonment, comprised of eighteen months of initial confinement and thirty months of extended supervision.

Butler's petition, together with the documents accompanying it, demonstrate that on January 18, 2008, Butler filed a postconviction motion, which the Milwaukee County Circuit Court denied on July 1, 2008. On March 24, 2009, the Wisconsin Court of Appeals subsequently affirmed the trial court's order denying his motion for postconviction relief. Also on March 24, 2009, the Wisconsin Court of Appeals affirmed Butler's judgment of conviction. On June 16, 2009, the Wisconsin Supreme Court denied Butler's petition for review of both his conviction and his motion for postconviction relief. Butler did not petition the United States Supreme Court for a writ of certiorari with respect to his judgment of conviction. Accordingly, Butler now petitions this court for relief.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states:

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

From Butler's petition, I cannot say that it plainly appears that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition, and the briefing schedule, which is set forth below, will thereafter govern the processing of Butler's petition.

**NOW THEREFORE IT IS ORDERED** that on or before January 11, 2010 the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before February 8, 2010 the petitioner shall file a legal brief in support of his petition;

**IT IS FURTHER ORDERED** that on or before March 22, 2010 the respondent shall file a brief in response to the petitioner's legal brief;

**IT IS FURTHER ORDERED** that on or before April 19, 2010, the petitioner shall file his reply brief.

**SO ORDERED** this 10th day of November 2009, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge